UNITED STATES DISTRICT COURT, M.D. FLORIDA

GREGORY R. DIXON AND MARIA GOLDBERG,

                Plaintiff,

v.

THE HONORABLE LEE E. HAWORTH, CHIEF CIRCUIT COURT JUDGE FOR THE TWELFTH CIRCUIT OF FLORIDA, THE HONORABLE HARRY M. RAPKIN, CIRCUIT COURT JUDGE FOR THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA AND THE HONORABLE PAUL LOGAN, CIRCUIT COURT JUDGE FOR THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA,

                Defendants.

_____/

No.

June 2, 2009.

Verified Complaint for Injunctive Relief Seeking a Temporary restraining Order, Preliminary Hearing and Preliminary Injunction

Plaintiffs, by and through their undersigned attorneys, hereby sues the Honorable Chief Judge Lee E. Haworth ("Judge Haworth"), in his official capacity as Chief Circuit Court Judge for the Twelfth Judicial Circuit of Florida, the Honorable Harry M. Rapkin, Circuit Court Judge for the Twelfth Judicial Circuit of Florida and the Honorable Paul Logan, Circuit Court Judge for the Twelfth Judicial Circuit of Florida and allege as follows:

1. In this action, pursuant to 42 U.S.C. § 1983, the plaintiffs seek to vindicate their Fifth Amendment rights as applied to the State of Florida under the 14th Amendment. The defendant judges willingly, wittingly and by their own admission engaged in a course of judicial conduct to accelerate foreclosure in uncontested cases by relying upon defective pleadings and deficient supporting documentation which fail to show that the plaintiff bringing foreclosure was either the mortgage creditor or acting on behalf of the mortgage creditor. Instead, defendants intentionally rely upon documentation they believe to be incomplete or incorrect to render judgment. In uncontested cases, the Court intentionally ignores deficient and defective documents whose deficiencies would be apparent from a cursory inspection of the documents. The Court also admits it fails to compel plaintiffs' counsel in foreclosure to comply with court orders regarding the submission of documents. The Court has stated that its conduct has been necessitated by a lack of funds. Such judicial acts are unconscionable and unconstitutional
2. This course of conduct by the 12th Circuit denies a defendant in an uncontested foreclosure action an effective hearing, disregards plaintiff's lack of standing, overlooks plaintiff's failure to state a cause of action upon which relief can be granted and unlawfully compels a defendant to defend against another party not entitled to sue. The decision

    of the court not to examine pleadings and related documents of record prior to rendering summary judgment is non-feascence, a dereliction of judicial duty and a deprivation of due process of law.

3. Defendant Chief Judge Haworth has admitted that the Court relies upon defective documentation and has had widespread non-compliance by attorneys for plaintiff in foreclosure cases with court administrative orders regarding conciliation and documentary submission requirements. Chief Judge Haworth has said that budget cuts have forced layoffs and prevent the Court from doing its job properly. He also says he does not want to impose further documentary burdens on "foreclosure mills' because they already fail to comply with existing requirements.
4. The court's practice of ignoring deficient and defective documentation upon which it relies to issue summary judgment violates the Court's duty to verify documents as prescribed by Section 702 of the Florida Statutes.
5. The 12th Circuit District Court lacks the legal authority to compel a party to defend against another party not entitled to sue. A court is without legal authority to compel a defendant to defend where there is no genuine case or controversy, as when there is no standing. Wrongfully to compel a defendant to defend against a claim is a denial of due process. Where a court deliberately and consistently as a matter of policy turns a blind eye to lack of standing, a defendant in foreclosure is deprived of property without due process of law.
6. The conduct of the Court is unconscionable, violates traditional requirements of equity and deprives Plaintiffs of their rights.
7. The Court has acted to accelerate the rate of improperly documented, uncontested cases by instituting a "rocket docket" where the Court intends to adjudicate 250 cases in one day.
8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) providing for original jurisdiction in suits authorized by 42 U.S.C. § 1983. Furthermore, jurisdiction is available under 28 U.S.C. § 1331 because this action arises under the Fifth and Fourteenth Amendments to the Constitution of the United States.
9. Venue in this District is proper under 28 U.S.C. § 1391(b). The claims arose and the defendant resides in this District.
10. Federal Rules of Civil Procedure Rule 65(b) provides that a temporary restraining order may be issued without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court, in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. FRCP Rule 65(b). Counsel is serving copies of this filing upon defendants as soon as such copies have been stamped by the Clerk. Immediate action is needed to provide plaintiffs with some opportunity to explore alternate dispute resolutions and because of the imminence of summary judgment as shown in the 12th Circuit's docket. Exhibit 1.
11. *LIKELIHOOD OF SUCCESS ON THE MERITS.* The facts in issue will not be contested. The continuation of the abusive conditions in the 12th Circuit regarding uncontested cases is unconstitutional and unconscionable. The issue here is one of law. Chief Justice Haworth has said that the Court does not owe a higher degree of protection or compliance with due process to defendants who do not defend themselves. The Plaintiff will almost certainly prevail at any hearing on the merits of its claims. The Court's legal position is indefensible.
12. *IRREPARABLE INJURY.* The plaintiffs are unable to defend themselves in this case. All

are in foreclosure proceedings, No affirmative defenses have been raised or can likely be anticipated. Each case is slated to go to default judgment. Each defendant will suffer the loss of a home. Such a loss is incalculable in terms of pain, suffering, embarrassment and humiliation. The trepidation of loss of a home at any time is a painful hardship every day for the plaintiffs.

13. *BALANCING OF HARM.* Defendants can correct the problem by revising the summary judgment checklist and instituting a cursory inspection of documents. This can be accomplished easily and quickly. Injunctive relief will force the defendants to revise the judicial checklist to assure that the party seeking foreclosure has submitted evidence demonstrating that party's legal entitlement to foreclose. It will also compel the Court to employ or otherwise obtain the services of clerks to collect, assemble and inspect pleadings for sufficiency and completeness. It will allow the creation of a record upon which a court can properly grant summary judgment to a plaintiff legally entitled to foreclose. The problem is essentially one of clerical record collection and verification. It need not involve a significant amount of a judge's time. Once the documentary problem has been corrected, accelerated adjudications of uncontested cases will again take place. However, it will no longer be necessary to violate the due process rights of the debtors in order to efficiently manage the caseload of the Court. Finally, the harm to the defendant, if they lose their homes in violation of their due process rights, can never again be remedied or corrected. Once the house is gone, the house is gone, and another American family is homeless.

    The Defendants simply cannot be harmed by the issuance of an injunction because the relief the Plaintiff seeks is merely to force the Defendants to *comply with the law*. Thus, the issuance of a TRO will merely ensure the Defendants *do not continue to* violate the law.

14. *PUBLIC INTEREST.* The facts of this case demonstrate a foreclosure process in disarray with dereliction of judicial responsibilities by the Court and widespread disregard of Court orders by attorneys. Such conduct by a court left unchecked erodes public confidence in the fairness and efficacy of our judicial system. Public trust and confidence will not be reposed in a judicial system which fails to meet its obligation to protect defendants and control the foreclosure process. It is in the highest public interest to have our courts governed by laws and not by men. All too often, expedience trumps principal and the end is used to justify the means.

    The public interest will be served by temporarily enjoining foreclosure in the 12th Circuit until the system can be modified to accord with lawful procedure. Unconstitutional procedures do not serve the public interest even if such procedures effectively unclog an over burdened docket. Foreclosure should not be a first recourse but as a last resort. Accordingly, the temporary delay occasioned by a temporary injunction will promote recourse to alternate dispute resolution. Finally, the issuance of injunctive relief against the 12th Circuit may cause the Florida Supreme Court Task Force On Residential Mortgage Foreclosure Cases to consider the problems faced by the 12th Circuit and institute needed reforms upon a state-wide basis.

15. Under our adversarial system of justice, a defendant is expected and required to defend himself or herself. Also, lawyers are considered officers of the court in which they appear. It is normal

and appropriate for a court to rely upon representations and certifications by counsel appearing before a court regarding pleadings and documents. However, the unusual facts of this case carve out an exception to these norms of practice and procedure. The 12th Circuit cannot rely upon these principles and precedents to ignore and avoid correction of problems relating to defective and deficient documentation and failure of plaintiff's counsel to comply with the orders of the Court relating to documentary submission requirements. According due process to defendants in uncontested foreclosure cases constitutes a countervailing and overriding requirement of law.

*For these and other reasons as set forth in the accompanying Memorandum in Support, and other reasons as may be developed at the preliminary hearing, plaintiffs respectfully request this Court grant their motion enjoining the Defendants from continuing foreclosure proceedings in uncontested cases using deficient and defective documents until the 12th Circuit Court has acted to correct the problem.*

Date: June 2, 2009



Richard F. Kessler,
Counsel for Plaintiff by Special Appearance and for the Limited Purpose of these Proceedings
4902 Sabal Lake Circle
Sarasota FL 34238
941-924-5608
richardfkessler@verizon.net

## VERIFICATION OF COMPLAINT

I, Gregory R Dixon, the undersigned, do hereby swear or affirm, under penalty of perjury, that the information contained in the attached pages is a true, accurate and complete statement of the facts.

Signature: _[signature]_

**INSTRUCTIONS TO NOTARY**
This form must be the product of an oath, not merely an acknowledgment. Before the verification is signed you must:
1. Place the affiant under oath;
2. Insure the affiant understands that all assertions are sworn to as accurate and the affiant is subject to the penalty of perjury for any false statement; and
3. Have the verification signed in your presence.

STATE OF Florida
} ss
COUNTY OF Sarasota
Subscribed and sworn to me this 1st day of June, 2009, by Valerie Glessing

_[signature]_
Notary Public
(SEAL)
My Commission Expires: 1-7-2013

VALERIE GLESSING
Comm# DD0849878
Expires 1/7/2013
Florida Notary Assn., Inc

# VERIFICATION OF COMPLAINT

I, Maria Goldberg the undersigned, do hereby swear or affirm, under penalty of perjury, that the information contained in the attached pages is a true, accurate and complete statement of the facts.

Signature: _____

**INSTRUCTIONS TO NOTARY**
This form must be the product of an oath, not merely an acknowledgment. Before the verification is signed you must:
1. Place the affiant under oath;
2. Insure the affiant understands that all assertions are sworn to as accurate and the affiant is subject to the penalty of perjury for any false statement; and
3. Have the verification signed in your presence.

STATE OF Florida

} ss

COUNTY OF Sarasota
Subscribed and sworn to me this    day of 06/01, 2009, by Maria Goldberg

Notary Public _____
(SEAL)
My Commission Expires: Feb 9, 2010



VALONE PLLANA
Notary Public - State of Florida
My Commission Expires Feb 9, 2010
Commission # DD 516793
Bonded By National Notary Assn.