IN THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR DESOTO, MANATEE AND SARASOTA COUNTIES

ADMINISTRATIVE ORDER 2008-15.1

## ADMINISTRATIVE ORDER ESTABLISHING CIRCUIT-WIDE HOMESTEAD FORECLOSURE CONCILIATION PROGRAM

**WHEREAS**, the Twelfth Judicial Circuit is experiencing an unprecedented number of foreclosures, many of which affect homestead properties; and the influx of these cases is straining the capacity of the courts to manage;

**WHEREAS**, a number of homeowners may have defenses to the foreclosures, or are amenable to exploring viable alternatives to foreclosure;

**WHEREAS**, residential lenders are facing increased delays in resolving the large number of foreclosure cases, and many cases may be resolved early given an opportunity for the parties to communicate their respective positions and to have questions answered;

**WHEREAS**, communication between lenders and property owners after a case is filed is infrequent and problematic, depriving both sides of an opportunity to resolve cases short of litigation; and

**WHEREAS**, in an attempt to achieve early resolution of foreclosure cases a new procedure is required to facilitate communication between lenders and owners, with the goal of having both sides in good faith explore options to protracted litigation.

**NOW, THEREFORE, IT IS ORDERED**, commencing December 1, 2008, the following procedures are adopted in the Twelfth Judicial Circuit:

### 1. Creation of the Homestead Foreclosure Conciliation Program

This order creates the Homestead Foreclosure Conciliation Program (HFCP). This program is available only to owners of real property who have filed for **homestead exemption** status pursuant to Article VII, Section 6 of the Florida Constitution on or before the date a foreclosure complaint against the property has been filed with the Clerk. Participation in the program is mandatory for foreclosure plaintiffs but optional for the owners, who may decline to participate. The fact that lenders and owners have engaged in pre-filing discussions does not exempt lenders from complying with this Administrative Order.

## 2. *Notice to Homeowners Facing Foreclosure* Required with Complaint and Summons in All Residential Foreclosures

**In all actions to foreclosure mortgages on residential properties, or in cases where the homestead status of the property is unknown or in doubt** the plaintiff shall file with the complaint and attach to the summons a *Notice to Homeowners Facing Foreclosure*. The Notice format has been approved by the Chief Judge and is available on the circuit's website. Parties shall require the Notice to accompany the summons to be served upon each defendant and will advise recipients of the availability of the HFCP, inviting homestead owners to consider participation in the program. The requirement that the Notice be attached to all summons in residential foreclosure filings or where the homestead status is unknown is to insure that no homestead owner is inadvertently overlooked.

## 3. The Conciliation Telephone Conference

Parties pursuing actions to foreclose liens on homestead properties based upon promissory notes and mortgages shall be required to participate in the Homestead Foreclosure Conciliation Program (HFCP) as set forth herein and to participate in a mandatory Conciliation Telephone Conference. The purpose of the Conciliation Telephone Conference is for the parties to have an open and frank discussion about the alleged default and to consider realistic alternatives to foreclosure.

## 4. Summary Judgment Hearings Prohibited Pending Compliance with HFCP; *Attorney's Certificate of Compliance* Required

No action to foreclose homestead properties shall be scheduled for summary judgment or final hearing in this circuit until a Conciliation Telephone Conference is conducted or attempted between lenders and the owners and an *Attorney's Certificate of Compliance* with this administrative order has been filed with the Clerk.[1] If the owners cannot be located or if they decline to participate in the HFCP or they fail to make themselves available for conferences, this fact shall be noted on the *Attorney's Certificate of Compliance* in which instance the action may proceed to disposition. The assigned judges shall monitor the case files for compliance with this order and may cancel summary judgment hearings in which an *Attorney's Certificate of Compliance* has not been filed.

## 5. Rules Applicable to the Conciliation Telephone Conference

The following rules and procedures shall apply to the Conciliation Telephone Conference:

    a. Responsibility for determining that the subject property is a homestead and for scheduling the Conciliation Telephone Conference shall be the affirmative duty of the lender or its counsel. The Conference shall occur as soon as possible after the case is

---

[1] All forms referenced in this order are available on the Twelfth Circuit Website: **www.jud12.flcourts.org**

filed, but no later than **forty-five (45) days** after service of process on the owners. A single Conciliation Telephone Conference shall be conducted or attempted but additional conferences may be scheduled if the parties agree.

      b. At the Conciliation Telephone Conference the lender shall arrange for the participation of knowledgeable persons, including attorneys, loss mitigation staff, and others who can confirm the amount and type of default, and who are authorized to make binding commitments regarding alternatives to litigation, including refinancing, partial forgiveness of debt, approving sales to third parties, clarifying the amount required to reinstate or discharge the loan, requesting deeds in lieu of foreclosure, implementing procedures for the protection of the premises, and establishing a mutually agreeable date for relinquishing possession.

      c. If consensus is reached in conference on one or more issues, the affected parties shall set a deadline for the completion or occurrence of all conditions or actions. The terms of the consensus shall be reviewed in conference and promptly memorialized in writing by the lender with a copy provided to the owner. However, actions, conditions, or events agreed to by the parties shall occur or be completed within **forty-five (45) days** of the date of the conference at which the consensus was reached, unless the parties agree in writing to an earlier date. The date set for compliance or action shall be a firm deadline, time being of the essence, unless the completion or occurrence date is extended in writing with the consent of both sides and confirmed by court order.

      d. Upon the timely performance of the agreed-upon conditions or events, counsel for the lender shall file an *Attorney's Certificate of Compliance* with the Clerk advising the court that litigation is ready to resume or that the case is being voluntarily dismissed. In those instances where a deadline has been set, the *Attorney's Certificate of Compliance* shall not be filed until all conditions have been performed or the time for their performance has expired. If no consensus is reached in conference, or if the owners have declined to participate in the HFCP or they do not respond to the *Notice to Homeowners Facing Foreclosure* attached to the summons and complaint, the *Attorney's Certificate of Compliance* may be filed and the case proceed to disposition.

      e. In addition to the *Attorney's Certificate of Compliance*, upon obtaining a hearing date for summary judgment, the lender shall file with the Clerk a *Mortgage Foreclosure Summary Judgment Checklist*, a form approved by the Chief Judge.[2] The *Mortgage Foreclosure Summary Judgment Checklist* advises the court that all requirements to dispose of the case by Final Judgment have been met. No summary judgment hearing shall be scheduled until the *Attorney's Certificate of Compliance* and *Mortgage Foreclosure Summary Judgment Checklist* have been completed and filed with the Clerk.

---

[2] The *Mortgage Foreclosure Summary Judgment Checklist* is a standard form adopted for use in the circuit by all parties seeking to conclude a foreclosure case by summary judgment. It accompanies the foreclosure packet sent to Clerks in support of the summary judgment hearing. See Admin. Order 08-14.1.

Lenders are advised that by separate administrative order, AO 2008-14.1, the circuit has adopted a uniform **Final Judgment** which is to be used in all foreclosure cases. **Admin. Order 08-14.1, should be reviewed for information concerning the circuit's policies applicable to all residential and commercial foreclosure actions.**

f. The parties shall participate in the Conciliation Telephone Conference in good faith, with the parties conducting themselves in a civil and respectful manner. Either party may audio record the conference provided advance notice is given to the participants.

### 6. Participation of Bar and Legal Aid Organizations; Limitations on Legal Services for Representation of Homestead Owners

Local bar associations and legal aid organizations have agreed to provide a limited number of *pro bono* attorneys to assist owners facing loss of their homestead. Unless otherwise agreed in writing by the attorney and the client-borrower, the *pro bono* lawyers shall make limited appearances restricting their services to communicating with the lenders on behalf of their clients and assisting them in exploring options other than protracted litigation. The availability of such attorneys and their contact information will be explained in the *Notice to Homeowners Facing Foreclosure* served upon the owners with the summons and complaint. Homestead owners with privately retained attorneys also are entitled to participate in the Program.

### 7. Sanctions for Non-Compliance

Failure of a lender to comply in good faith with this administrative order may result in sanctions including, without limitation, denying a lender the privilege of appearing telephonically at hearings and having its cases assigned the lowest priority for final or summary judgment hearing time, which may delay disposition for an extended period. The owners' failure to comply with stipulated conditions, including performance within agreed-upon time periods, shall entitle the lender to file an *Attorney's Certificate of Compliance* and to proceed to disposition. The court may resolve disputes about compliance with this administrative order without a hearing based on memoranda or written communication submitted by the parties.

### 8. Administrative Order Does Not Prohibit Mediation

Nothing in this Administrative Order shall be construed as limiting the authority of the court to order mediation in an appropriate case pursuant to the applicable Rules of Civil Procedure.

### 9. Transitional Issues and Effective Date

This Administrative Order shall be effective **December 1, 2008**, as to foreclosure actions filed on or after that date. Accordingly, hearings in pending cases scheduled before the effective date are exempt from the requirements of this order.

However, in regard to foreclosure actions filed against homestead owners before December 1, 2008, upon notice and motion the assigned division judge may order any party to participate in a Conciliation Conference upon a showing of good cause and upon such terms as may be appropriate.

**DONE AND ORDERED in Sarasota, Sarasota County this 25th day of November, 2008.**

*[signature]*

Lee E. Haworth, Chief Judge

cc: All Judges in the Twelfth Circuit
Gulf Coast Legal Services
Legal Aid of Manasota
Florida Rural Legal Services
Florida Legal Services
Clerks of Court, Twelfth Circuit
Sarasota County Bar Association
Manatee County Bar Association
Venice-Englewood Bar Association
Law firms representing lenders (copies provided for comment since 10/10/08)

5