# IN THE TWELFTH JUDICIAL CIRCUIT COURT FOR
# DESOTO, MANATEE AND SARASOTA COUNTIES, FLORIDA

### ADMINISTRATIVE ORDER 2008-14.1

## ADMINISTRATIVE ORDER ESTABLISHING STANDARD PROCEDURES FOR RESIDENTIAL AND COMMERCIAL MORTGAGE FORECLOSURE ACTIONS

**WHEREAS**, the Twelfth Judicial Circuit is experiencing an unprecedented number of mortgage foreclosures and the influx of these cases is straining the capacity of the courts to manage them efficiently; and

**WHEREAS,** reductions in judicial branch funding in the State of Florida have resulted in the elimination of support and administrative staff in the circuit, making the review of documentation submitted in connection with foreclosure summary judgments problematic; and

**WHEREAS**, standardized procedures are required to facilitate efficient processing of foreclosure cases and verification that cases are ripe for final disposition; and

**WHEREAS,** the court no longer has the personnel to undertake foreclosure file reviews or to confirm the accuracy of summary judgment hearing packets submitted by the parties; and

**WHEREAS**, judges in the Twelfth Circuit have had persistent difficulties communicating with parties filing foreclosure actions or their attorneys regarding logistical and efficiency issues, and this frustrates the orderly disposition of cases resulting in unnecessary delay and docket congestion; and

**WHEREAS**, standard procedures for the electronic filing of papers, pleadings and uniform checklists are necessary to assist the Court and Clerk in the processing of large numbers of documents submitted in connection with actions to foreclose mortgages;

**NOW, THEREFORE**, it is **ORDERED** that the following procedures shall be in force in the Twelfth Judicial Circuit on or after **December 1, 2008**:

This Administrative Order regulates local procedures governing the filing of actions to foreclose residential and commercial mortgages on real property located within the boundaries of the Twelfth Judicial Circuit. Consequently, this Order does not apply to actions to foreclose other interests in real property such as homeowner association liens, condominium or cooperative association liens, mechanic liens, tax or equitable liens.

## I. Procedures Applicable to Foreclosure Actions in All Counties On or After 12/1/08

The following procedures are applicable to all parties filing residential or commercial mortgage foreclosure actions in Manatee, Sarasota, and Desoto Counties on or after December 1, 2008. The transition rules set forth in Section IV of this Administrative Order explain whether a case pending as of 12/1/08 is subject to the new local rules or the prior procedures.

### A. Standard Form Final Judgment Required

The circuit has adopted a standard foreclosure Final Judgment. This form shall be used in all cases by parties seeking to foreclose mortgages. A copy of this form and all forms referenced in this Administrative Order are available on the circuit's website: **www.jud12.flcourts.org**

### B. Use of JACS to Schedule Hearings in Foreclosure Cases

The Twelfth Circuit has implemented a **Judicial Automated Calendaring System (JACS)**. Information concerning the use of JACS can be found through a link on the circuit's internet home page: **www.jud12.flcourts.org.** JACS may only be accessed by members of The Florida Bar using their bar number. Each judge serving in the Civil Division of circuit court reserves time in JACS for the setting of hearings, including motions for summary judgment in foreclosure actions.

Effective December 1, 2008, attorneys will be required to have an email address as part of the JACS registration process. Hearing dates reserved and cancelled through JACS will be confirmed through email generated by the calendaring system. Instructions for updating JACS registration are available on the circuit's web site.

The judges have published their policies governing the setting of hearings on the JACS home page. Because the policies differ from judge to judge, they should be consulted by counsel and regularly reviewed for updates and modifications. This is especially true when new judges rotate into the Civil Division. Blocks of time have been set aside specifically for foreclosures.

### C. Procedures for Scheduling and Canceling Summary Judgment Hearings

Several law firms engaged in volume foreclosure filings have developed the practice of reserving hearing time for summary judgment before the motion is filed and have consistently failed to comply with judges' cut-off dates for filing summary judgment packets. This has resulted in the waste of valuable hearing time for other litigants when the motion is not forthcoming and the hearing is not canceled by the party. The following procedures are necessary to facilitate the efficient disposition of large numbers of foreclosure filings:

2

**1. No Plaintiffs' Summary Judgment Hearings to be Scheduled Without a Motion Ready for Filing**

**Hearing time for plaintiffs motions for summary judgments in foreclosure cases shall not be reserved on JACS until the motion, with complete supporting documentation, is prepared and ready for filing with the Clerk. Motions and summary judgment packets shall be transmitted to the Clerk immediately after the hearing time is obtained.** The judges will monitor compliance with this requirement and may cancel hearings that have been set without the contemporaneous filing of a motion. Sanctions also may be imposed for chronic disregard of this requirement.

Contested summary judgments filed by plaintiff or defense should be set for hearing on the judges' regular civil docket.

**2. Summary Judgment Pleadings and Related Documents to be Sent to Clerks; Checklist Required**

Subject to the transition rules in Section IV, on or after December 1, 2008, parties seeking summary judgment in foreclosure actions shall transmit the documentation supporting the motion, including the original proposed Final Judgment, note and mortgage, to the Clerks. **They are not to be sent to the judges' chambers, nor are copies of these papers to be sent to chambers.** As noted above, no summary judgment hearing time shall be obtained on JACS until the motion for summary judgment and supporting documentation is in final form and ready for immediate filing with the Clerk.

The summary judgment documentation submitted to the Clerks shall include the Twelfth Circuit's *Mortgage Foreclosure Summary Judgment Checklist*, a form approved by the chief judge and available on the circuit's website, **www.jud12.flcourts.org.** The checklist requires counsel's confirmation that appropriate steps have been taken to prepare the case for disposition by summary judgment, and that all documents supporting the motion have been timely filed or submitted.

The *Mortgage Foreclosure Summary Judgment Checklist* requires counsel to accurately set forth the status of the case and to inform the court of any deficiencies. The *Checklist* shall be signed by the attorney of record. Clerks will review counsel's submissions to verify that the *Notice to Homeowners Facing Foreclosure*, discussed below, was attached to the summons whenever the *Checklist* indicates the subject property is a homestead. No further verification of the *Checklist* will be performed by the Clerks. It remains the responsibility of the filing attorney to accurately complete the *Checklist*, and the Clerks and the court will rely upon the attorney's representation as to its accuracy.

Hearings on motions for summary judgment may be canceled if the forms required by this Administrative Order (e.g., circuit-approved Final Judgment, *Mortgage Foreclosure Summary Judgment Checklist*) do not accompany the summary judgment motion or are not used, or if the documents required by the checklist are missing and their absence is not adequately explained.

For good cause shown, upon the request of a party the assigned judge may waive the requirements of this Administrative Order or the production of any item or document required by the checklist. Such requests shall be made before the checklist is filed and the hearing on the motion for summary judgment is scheduled.

### 3. Procedures Applicable to Cases Filed On or After 12/1/08 - Prerequisite Relating to Homestead Properties - Compliance with Homestead Foreclosure Conciliation Program - Attorney's Certificate;

By separate Administrative Order, Number 08-15.1, the circuit has adopted a Homestead Foreclosure Conciliation Program (HFCP) which must be complied with in foreclosure actions filed on or after December 1, 2008, before a summary judgment hearing is to be scheduled to foreclose a lien on **homestead property** in the three counties of the Twelfth Circuit.

On or after December 1, 2008, when a foreclosure complaint is filed against any residential property, or in any case where the plaintiff is in doubt as to status of the property as a homestead, Administrative Order 08-15.1 requires counsel to include with the summons a *Notice to Homeowners Facing Foreclosure,* which explains the program and invites eligible homeowners to consider participation in the Program.

In addition, Administrative Order 08-15.1 requires the filing of an *Attorney's Certificate of Compliance with the Homestead Conciliation Program* when the motion for summary judgment is filed and the hearing date is booked on JACS. This is a prerequisite to scheduling a hearing on the motion for summary judgment and is part of the *Mortgage Foreclosure Summary Judgment Checklist* and documentation required to schedule a summary judgment hearing. [Forms available on circuit website, **www.jud12.flcourts.org.**]

### 4. Cancellation of Summary Judgment Hearings

JACS should be used to cancel summary judgment hearings whenever possible. However, JACS will not authorize a cancellation when it would result in short notice to the parties. When JACS does not permit cancellation, the party who has noticed the hearing may cancel it telephonically by contacting the judge's judicial assistant. The phone call should be followed promptly by a Notice of Cancellation filed with the Clerk. When the cancellation occurs shortly before the hearing, persons who are required to receive notice should be advised of the cancellation by the most expeditious means.

### 5. Cancellation of Foreclosure Sales

In the event it becomes necessary to cancel a foreclosure sale on short notice, the original motion to cancel and a proposed order shall be filed with the Clerk with copies FAXED to the judge's chambers. These motions will be reviewed expeditiously, and a copy of the signed order will be faxed or emailed to the attorney. Upon request of counsel, Clerks

4

may set new sale dates upon receiving written notification from judges that a sale has been cancelled.

### D. Appointment of Circuit Foreclosure Liaison

Parties who have filed **five (5)** or more foreclosure actions in the Twelfth Circuit in calendar years 2007 or 2008, or who file or intend to file **five (5)** or more foreclosure actions in any subsequent calendar year shall be required to comply with the following:

1. The party shall appoint an agent to serve as its **circuit foreclosure liaison**. The name, phone number (including extension), email and mailing address of the liaison, who may be an attorney or employee of the party, shall be provided to **courtweb@jud12.flcourts.org**;

For parties who currently qualify under this paragraph, the contact information shall be provided to the office of the Trial Court Administrator on or before **January 1, 2009**. For those parties who do not yet qualify, appointment of the liaison and notification shall occur upon the filing of the **fifth** foreclosure action in the circuit in that calendar year.

2. The liaison shall be informed of the Twelfth Circuit's unique foreclosure procedures and administrative orders, be capable of answering questions concerning the administrative status of pending cases and the party's internal procedures relating to the processing of foreclosure cases, and be readily accessible to discuss administrative and logistical issues affecting the progress of the party's cases through the courts.

3. The Trial Court Administrator shall maintain the circuit's liaison list which shall be made available and used by judges to communicate with parties regarding issues affecting the efficiency of the foreclosure process. **Parties shall promptly inform the Trial Court Administrator of any changes in liaison personnel and shall take such steps as may be necessary to keep the list current and accurate.**

4. The liaison shall act as the court's point of contact in the event a party fails to comply with administrative orders affecting foreclosure litigation in the circuit or the court has a need to communicate with a party concerning administrative matters of mutual interest.

### II. E-Filing of Mortgage Foreclosures Required in Manatee and Sarasota Counties For Cases Filed or Set for Summary or Final Hearing On or After December 1, 2008

The Clerks of Manatee and Sarasota Counties are part of a Supreme Court sanctioned project to establish procedures for the electronic filing of pleadings. Known as E-Filing, this innovative system saves litigants money and reduces processing and document review time for the Clerks. **Except for a limited number of original documents or exhibits, such as notes and mortgages, E-Filing eliminates the necessity of providing hardcopies of documents or pleadings to the Clerk. The electronic version replaces them.** Judges and attorneys of record will be able to view the electronically filed documents on line.

**Commencing December 1, 2008, parties are required to use the E-Filing system when filing foreclosure pleadings, motions and litigation-related documents in Manatee and Sarasota Counties, and in connection with summary or final judgment hearings scheduled on or after that date.** E-Filing procedures are similar in both counties but are not identical. Parties shall use the E-Filing word processing formats prescribed by the Clerks. Litigants and their counsel should consult each Clerk's website for detailed instructions: **www.sarasotaclerk.com/** or **www.manateeclerk.com/**

**A. Requests for Exemption:** Requests for exemption from E-Filing requirement may be directed to the Clerk, and if denied, appealed by written request for consideration and final decision by the Chief Judge.

**B. Rules for E-Filers:** The following rules apply to parties E-Filing in Sarasota and Manatee Counties on or after December 1, 2008 or who set final or summary judgment hearings on or after that date:

    1. **Original Documents:** Original documents such as promissory notes and mortgages shall be delivered to the Clerk and accompanied by a Notice of Filing. Copies of original documents shall be included in the parties' E-Filing submission.

    2. **Parties to Provide Envelopes for Clerk's Use:** E-Filers submitting proposed foreclosure Final Judgments shall deliver to the Clerk **four (4)** self-addressed, stamped envelopes for **each party** entitled to receive conformed copies. For example, in a case with a single plaintiff and a single defendant, the number of envelopes required is eight. The envelopes shall be mailed to the Clerk contemporaneous with the E-Filing of the proposed Final Judgment. The clerk's case number shall be written on the outside of the envelopes. These will be used to provide conformed copies of the judgment, Notice of Sale, Certificate of Sale, and Certificate of Title to the affected parties.

    3. **Other Orders Submitted by Counsel:** In the course of litigation, it may be necessary for E-Filers to submit proposed or stipulated orders for the judge's consideration. These shall be E-Filed; however, in addition hard copies shall be sent directly to the assigned judge. The copies sent to the judge shall be accompanied by self-addressed, stamped envelopes for each party entitled to receive conformed copies.

### III. Sanctions for Non-Compliance

Failure to comply with the provisions of this Administrative Order may result in the cancellation of hearings, termination of the privilege of telephone hearings, or other sanctions. Chronic offenders may be denied access to JACS and required to request hearing time by email, which may result in substantial delays in the processing of cases.

### IV. Transitional Issues and Effective Date

This Administrative Order shall be effective December 1, 2008 as to cases filed on or after that date, subject to the following:

### Procedures Applicable to Cases Filed Before 12/1/08

The date JACS is **accessed** to schedule a hearing controls whether a case set for summary judgment proceeds under the new circuit rules or the old rules:

A. If by November 30, 2008, a party has accessed JACS and reserved a summary judgment or final hearing for a date occurring on or after December 1, 2008, the case may continue under the prior procedure. For example, if on November 14, 2008, hearing time was obtained for December 14, 2008, the case may proceed under the old rules. Foreclosure packets may continue to be sent to the judges for those cases, and the older checklists and summary judgment procedures may be used. E-Filing and the new Checklist may be used at any time at the option of the filing party.

B. For cases pending as of December 1, 2008, if JACS is accessed on or after December 1, 2008, and a summary judgment or final hearing date is scheduled, the requirements of this Administrative Order, including E-Filing, use of the standard form Final Judgment, and the new Foreclosure Checklist, shall apply. For example, on a case filed before December 1, 2008, if on December 4, 2008, the attorney accesses JACS and secures a hearing time for January 15, 2009, the case proceeds under the new rules. [However, note that cases filed before 12/1/08 are exempt from the Homestead Foreclosure Conciliation Program.]

### Homestead Foreclosure Conciliation Program

The Homestead Foreclosure Conciliation Program requirements of Section I(C)(3) apply only to cases **filed** on or after December 1, 2008.

### Applicability of Administrative Order 2002-16.2

Administrative Order 2002-16.2 remains in force as to cases filed before December 1, 2008, but is vacated as to cases filed on or after that date.

**DONE AND ORDERED** in Sarasota, Sarasota County this 25th day of November, 2008.

_____
Lee E. Haworth, Chief Judge


cc:   All Judges in the Twelfth Circuit
      Gulf Coast Legal Services
      Legal Aid of Manasota
      Florida Rural Legal Services
      Florida Legal Services

Clerks of Court, Twelfth Circuit
Manatee County Bar Association
Venice-Englewood Bar Association
Sarasota Bar Association
Law firms representing lenders (copies provided for comment since 10/10/08)

8