UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GREGORY R. DIXON, et al.,**

    **Plaintiffs,**

v.                                          Case No.  8:09-cv-1017-T-30EAJ

**LEE E. HAWORTH, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Hearing (Dkt. 4).

A plaintiff seeking a temporary restraining order must demonstrate: (a) a likelihood of success on the merits; (b) irreparable harm; (c) any harm to defendant in entering the injunction is outweighed by the harm to the plaintiff; and (d) the public interest favors entry of an injunction.  See, e.g., United States v. Metropolitan Dade County, 815 F. Supp. 1475, 1477 (S.D. Fla. 1993).  Here, Plaintiffs fails to meet demonstrate their likelihood of success on the merits.

The motion asks this Court to place a moratorium on the Circuit Court for the 12th Circuit of Florida from hearing uncontested foreclosure cases "pending the issuance of a new, revised administrative order regarding documentary submission requirements and a revised summary judgment checklist."  (Dkt. 4, ¶4(a)).  Further, the motion asks this court

to require certain documents as necessary before a summary judgment may be entered in a foreclosure action in that circuit.

The Younger Abstention Doctrine requires federal courts to abstain from exercising jurisdiction where doing so would cause "undue interference with state proceedings." New Orleans Pub. Serv., Inc. V. Council of New Orleans, 491 U.S. 350, 359 (1989) (citing Younger v. Harris, 401 U.S. 37, 45 (1971)). Should Plaintiffs' motion be granted, this Court would be interfering with the state court's "important interests in administering certain aspects of their judicial systems." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-13 (1987). If a state court improvidently enters a judgment, the appropriate relief is through direct appeal.

It is, therefore, ORDERED and ADJUDGED that Plaintiffs' Motion for Temporary Restraining Order (Dkt. 4) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1017.deny TRO.wpd