UNITED STATES DISTRCIT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY R. DIXON, et al.,

    Plaintiffs,

v.    Case No. 8:09-cv-1017-T-30EAJ

LEE E. HAWORTH, et al.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

COME NOW the Defendants, the Honorable Judge Lee E. Haworth, the Honorable Judge Harry M. Rapkin, and the Honorable Judge Paul Logan, through the undersigned counsel, and move this Honorable Court to dismiss the Plaintiffs' complaint, stating as good cause therefore:

## STANDARD OF REVIEW

1. For purposes of a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Scheuer v Rhodes*, 416 U.S. 232, 236 (1974); *Jackson v Okalossa County, Fla*, 21 F.3d 1531, 1534 (11th Cir. 1994). Furthermore, a court must accept all reasonable inferences from the complaint and consider all allegations as true. *Id*. A court may not, however, accept conclusory allegations and unwarranted factual deductions as true. *Weissman v. Nat'l Ass'n of Sec Dealers, Inc.*, 500 F.3d 1293, 1305 (11th Cir. 2007). Only pleadings and attached written exhibits may be considered in making these determinations. Fed. R. Civ. P. 10(c); *GSW Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level…on the assumption that all allegations in the

complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A court may not assume, however, that a plaintiff can prove facts that it has not alleged or that a defendant has violated laws in ways that have not been alleged. *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Beck v Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir 1992)(per curiam). Nor is a court bound to accept as true a legal conclusion couched as a factual allegation. *B.H. Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although the federal rules embrace a liberal pleading standard, bald assertions and conclusions of law will not defeat a properly supported motion to dismiss. *Marsh v Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir 2001)

  2. Rule 8 requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Niziol*, 240 F. Supp. 2d at 1199 citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown*, 960 F. 2d at 1009-10. The dispositive legal issues precluding the Plaintiffs' requested relief are: (1) failure to state a claim, and (2) the Younger Abstention Doctrine.

### PLAINTIFFS' CLAIM

  3. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against each Defendant in their official capacity as a Circuit Court Judge in the Florida Twelfth Judicial Circuit. The Plaintiffs seek injunctive relief to temporarily enjoin the Defendants from hearing uncontested foreclosure cases and to direct how the Defendants handle uncontested forfeiture cases.

4.	The Plaintiffs allege that their residential property is pending foreclosure in the circuit court in which the Defendants preside.  As stated in their affidavits attached to the complaint, neither Plaintiff has any intention of contesting the pending foreclosure actions.  (Complaint, Attachment 1-2 to 1-5).  In fact, the Plaintiffs assert that that they have no affirmative defenses to foreclosure and that their cases are pending default judgment.  (Complaint, p. 3).  Although the Plaintiffs have no intention of participating in the foreclosure proceedings, the Plaintiffs assert that the procedures utilized by the Defendants when considering uncontested foreclosure actions violate their rights to due process.

5.	The Plaintiffs allege generally that the Defendants knowingly rely on inaccurate pleadings, rely on defective documentation, rely on pleadings that do not state causes of action, fail to enforce administrative orders concerning conciliation and documentation requirements, and grant judgments where no standing exists.  (Complaint, pp. 1-2).  The Plaintiffs therefore seek injunctive relief to compel the Defendants to revise the judicial procedures utilized to process uncontested foreclosure actions and to compel the Defendants to employ clerks to process and inspect uncontested foreclosure actions. (Complaint, p. 4).

## GROUNDS FOR DISMISSAL

6.	The Plaintiffs have failed to state a claim for which relief can be granted.  Injunctive relief against judicial officers is available under 42 U.S.C. § 1983 only when "…a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Esensoy v. McMillan*, 2007 U.S. App. LEXIS 2085 (11th Cir. Ala. Jan. 31, 2007).  The Plaintiffs have not alleged that a declaratory decree was violated or that declaratory relief in state court was somehow unavailable.  As such, the Plaintiffs have failed to state a cause of action for which relief can be granted.

7. Additionally, Plaintiff's requested relief is in the nature of mandamus. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no general power to issue writs of mandamus against state officials. *Bailey v. Silberman*, 226 Fed. Appx. 922, 924 (11th Cir. Fla. 2007); *Hull v. Florida*, 2007 U.S. Dist. LEXIS 30107 (M.D. Fla. Apr. 24, 2007). The Plaintiffs have therefore failed to state a cause of action and dismissal with prejudice is proper.

8. It is unlikely that Plaintiffs will ever be able to state a claim for injunctive relief under § 1983. A district court may enjoin conduct only where (1) a party establishes a violation of the right asserted in his complaint; (2) there is no adequate remedy at law; and (3) he will suffer irreparable harm if the conduct is not enjoined. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir 2005), *cert. denied*, 126 S. Ct. 2862, 165 L. Ed. 2d 895 (2006). The Plaintiffs admit that they have no intention of participating in the foreclosure proceedings pending against them. The Plaintiffs have therefore voluntarily abandoned their rights and legal remedies. Plaintiffs cannot now claim irreparable harm when they have entirely failed to seek any relief in the court they wish to enjoin.

9. Furthermore, the Plaintiffs cannot establish standing to assert a claim on behalf of any other person who has not contested the forfeiture of their property because the Plaintiffs cannot show that they suffered "…personal injury fairly traceable to the defendant's allegedly unlawful conduct [that is] likely to be redressed by the requested relief." *Valley Forge Christian Coll. V. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982). The Plaintiff's claim for injunctive relief should therefore be dismissed, with prejudice.

10. Finally, and as has already been noted by this Honorable Court in its order denying the Plaintiffs' motion for temporary restraining order (Dkt. 8), the Younger Abstention Doctrine requires federal courts to abstain from exercising jurisdiction where doing so would cause "undue interference with state proceedings." *New Orleans Pub. Serv., Inc. v Council of New Orleans.*, 491 U.S. 350, 339 (1989) citing *Younger v Harris*, 401 U.S. 37, 45 (1971)).

11. The Plaintiffs have asserted no fact that would be grounds for avoiding the Younger Abstention Doctrine. As is evident from the documents attached to the Plaintiffs' complaint, the State's interest in managing the foreclosure crisis is one of great importance. The abstention doctrine therefore applies to this case. Simply put, granting the Plaintiffs the relief they request would be interfering with the state court's "important interest in administering certain aspects of their judicial system." *Pennzoil Co. v Texaco, Inc.*, 481 U.S. 1, 12-13 (1987).

12. An equally important reason to apply the abstention doctrine in this case is to "avoid unwarranted determination of federal constitutional questions." *Pennzoil* at 11. In *Pennzoil Co v. Texaco*, the court applied the abstention doctrine in part because Texaco chose not to present to the Texas courts the constitutional claims Texaco wanted to assert. *Id.* The Court held that it was impossible to be certain that the statutes and procedural rules challenged by Texaco actually raised constitutional claims because Texaco had not presented the question to the state court. *Id.* The facts in this case are the same. The Plaintiffs have failed to present their constitutional challenges to the state court for consideration. In fact, the Plaintiffs have entirely failed to participate in the litigation. Under these circumstances it is impossible to discern whether the procedures the Plaintiffs complain about actually raise a federal constitutional claim. Abstention is therefore proper.

WHEREFORE the Defendants, for the reasons stated herein, move this Honorable Court to grant this motion and dismiss the Plaintiffs' complaint, with prejudice.

Respectfully submitted,

BILL McCOLLUM
ATTORNEY GENERAL

/S/ Sabrina E. Redd

---

Sabrina E. Redd
Assistant Attorney General
Florida Bar No. 0185736
General Civil Litigation-Tampa Bureau
501 East Kennedy Blvd., Ste. 1100
Tampa, Florida 33602
Tel:  813/233/2880; Fax:  813/233/2886
Sabrina.Redd@myfloridalegal.com
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the foregoing was sent by U.S. mail to Richard F. Kessler, Esq., 4902 Sabal Lake Circle, Sarasota, FL 34239.

/S/ Sabrina E. Redd

---

Sabrina E. Redd
Assistant Attorney General