UNITED STATES DISTRICT COURT, M.D. FLORIDA


GREGORY R. DIXON AND MARIA GOLDBERG,

Plaintiffs,

v.

THE  HONORABLE LEE E. HAWORTH, CHIEF CIRCUIT COURT JUDGE FOR THE TWELFTH CIRCUIT OF FLORIDA, THE HONORABLE HARRY M. RAPKIN, CIRCUIT COURT JUDGE FOR THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA AND THE HONORABLE PAUL LOGAN,  CIRCUIT COURT JUDGE FOR THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA,

Defendants.

---

No. 8:09CV1017-T3EAJ

June 30, 2009.

## OPPOSITION TO DEFENDANTS'MOTION TO DISMISS AND RENEWED MOTION FOR PRELIMINARY HEARING AND PRELIMINARY INJUNCTION


1. Plaintiffs respectfully request this Court deny the motion to dismiss and again move this court set a date for a hearing and, based upon the hearing and supporting documentation and evidence, impose a preliminary injunction upon defendants containing the relief sought in Plaintiffs' proposed order for a temporary restraining order.

2. In its Motion for a Temporary Restraining Order, Plaintiffs said: "The plaintiffs believe but cannot prove that if this Court issues a temporary restraining order, the defendants will seek a vacatur of the order, agree to a self imposed abatement of uncontested foreclosure, a continuation of the preliminary hearing and proceed to correct the problems herein identified sua sponte. If this Court retains jurisdiction over the case, Plaintiffs will agree to cooperate." Plaintiffs say subsequent events have demonstrated that defendants will make every effort to protect their perceived judicial prerogative to neglect their judicial duties and responsibilities in uncontested foreclosure actions. The Assistant Attorney General declined plaintiffs' counsel's offer to negotiate. Defendant, the Hon. Lee E. Haworth, Chief Judge, informed counsel that he "does not speak to people who sue him."

3. The central question raised by this lawsuit is whether defendants have a remedy in federal court where a state court has denied defendants due process in a foreclosure

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --

proceeding or can receive this federal court's protection from a state court's refusal to perform its judicial responsibilities if the foreclosure proceeding is uncontested.

4.   The plaintiffs allegation of denial of due process and dereliction of judicial responsibilities is based upon:

   (a)   The refusal and failure of the judges of the 12th Circuit, in uncontested cases, either to examine or inspect or assign administrative staff to examine or inspect, the pleadings and supporting documents which are known and admitted to be defective and deficient and instead rely upon and use such defective and deficient documents as the basis for summary judgment in uncontested cases.

   (b)   The failure to inspect the pleadings and supporting documentation to see whether the person seeking to foreclose is legally entitled to foreclose and collect repayment of the debt.

   (c)   The refusal and failure of the Court, by its own admission, to prevent or correct widespread non-compliance by practitioners before the court with court orders establishing documentary submission requirements and continue, and instead, relying upon otherwise unsubstantiated certification of local attorneys that all submission requirements have been met which are known often to be incorrect.

   (d)   The refusal of the Court to revise its summary judgment checklist to require submission of documents necessary to show that the person seeking to foreclose is legally entitled to foreclose and collect repayment of the debt because "the current arrangement already is proving complicated and overwhelming for the foreclosure mills."

5.   The Assistant Attorney General argues that the defendants are entitled to no protection from this court for three reasons. First, the defendants have failed to defend themselves in state court so that defendants have failed to state a cause of action. Secondly, the defendants can obtain declaratory relief in a state court. Thirdly the Younger Abstention doctrine bars this court from hearing this case.

## Failure To State A Cause For Which Relief Can Be Granted.

6.   The Plaintiffs have stated the answer to the central issue in this case as a conclusion without addressing the question. If defendants have no rights unless defendants defend themselves in state court, this case is over and the state court can do what it wants so long as defendants are not represented.  The defendants' motion fails to cite a single authority to support this novel conclusion. The plaintiffs, for purposes of this action, concede that the 12th Circuit permits defendants in contested cases of foreclosure to raise affirmative defenses and use all appropriate means, including discovery, to show that the party seeking foreclosure is not entitled to foreclose on a property. Is a defendant in foreclosure entitled to any due process protection when the defendant will not enter a defense and defaults? When a family is too poor, too traumatized, too emotionally devastated or too ignorant to mount a defense when faced with the prospect of losing their family home have their pre-existing unalienable rights suddenly become alienated by their inability to function? This inability to function rationally in the face of foreclosure is an issue of fact and law that plaintiffs seek to demonstrate and argue that

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --

the courts are required to take steps to accommodate this situation before granting a default judgment in foreclosure proceedings as a matter of due process.

7.  Defendants allege that plaintiffs have not specifically alleged that declaratory relief in state court is unavailable. In Goodall v. Whispering Woods Center, L.L.C. 990 So.2d 695 (Fla.App. 4 Dist.,2008), the Court said "In reviewing an order granting a motion to dismiss, this court's "gaze is limited to the four corners of the complaint." Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999). The facts alleged in the complaint must be accepted as true and all reasonable inferences are drawn in favor of the pleader. Id. Plaintiffs have stated that plaintiffs are unable to defend themselves in state court and accordingly unable to seek declaratory relief.

8.  The use of a declaratory judgment is authorized by Florida statute as an alternative judicial remedy to declaring the rights of parties.  F.S.A. § 86.011.  The statute does not create a requirement that a party must seek a declaratory judgment in lieu of other available judicial remedies. "No action or procedure is open to objection on the ground that a declaratory judgment is demanded." Id.  There is no authority to dismiss a case in Federal court because of judicial misconduct in state court because it might in theory have been addressed by a party seeking declaratory relief from the state court for its misconduct.

9.  In State v. Florida Consumer Action Network, 830 So.2d 148 (Fla.App. 1 Dist.,2002) the court found the "Statute authorizing the State to be made a party to an action when a statute is alleged to be unconstitutional does not create the adverse or antagonistic interest necessary for the exercise of the court's declaratory-relief jurisdiction."  F.S.A. § 86.091. See also Ervin v. Taylor, 66 So.2d 816 (Sup. Ct. Fla. 1953). Similarly the requisite adversity of interests does not exist between the plaintiffs and defendants in this case. The defendants as judges have no interest and derive no benefit from the outcome of a foreclosure case over which each may preside. The judges are disinterested parties. Plaintiffs have not claimed anything to the contrary and do not believe any of the defendants are animated by bias, prejudice or self interest.

**Defendants Have Adequate Remedies And Relief In State Court**

10. Availability of declaratory relief in state courts on federal claims is no reason for federal court's abstaining from deciding federal claims. Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749 (1972). The Defendants have stated that defendants are unable to defend themselves in state court. Accordingly, defendants cannot appeal the summary judgment of foreclosure to the Appellate Court in Florida because defendants have failed to raise the issues in the trial court. Furthermore appellate courts in Florida are prohibited from raising issue like standing on appeal sua sponte if such issue were not raised by defendants at trial. Glynn v. First Union Nat. Bank, 912 So.2d 357 (Fla.App. 4 Dist.,2005). Finally, the Assistant Attorney General would be the first to argue against declaratory relief in a state court proceeding when there is an on-going foreclosure case already before a state court because the remedy at law before the foreclosure court is adequate if standing and similar issues were raised by the defendants. Accordingly, unless this court intervenes, there is no state court remedy to afford relief to these defendants.

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --

**The Younger Doctrine Does Not Apply To This Case.**

11. In *Younger,* a federal plaintiff challenged the constitutionality of a state statute under which he was being prosecuted as a defendant. The Court abstained from hearing plaintiff's claim, concluding that a sufficient state forum existed for the plaintiff to raise his constitutional defense. Younger v. Harris, 401 U.S. 37, 47 (1971).

12. Federal courts should abstain from exercising their jurisdiction if doing so would "disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987). While such abstention "espouses a strong federal policy," *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) ( " *Middlesex*"), it remains "the exception, not the rule" to the federal courts' "virtually unflagging" duty "to adjudicate claims within their jurisdiction." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989) (citations omitted) (" *NOPSI*").

13. The Younger Doctrine does not apply to cases of denial of due process resulting from dereliction of judicial duty. In Green v. Jefferson County Com'n, 563 F.3d 1243 C.A.11 (Ala.),2009 , the court said: "Even as the principles of *Younger* have expanded, however, the Supreme Court has made clear that the abstention doctrine is not triggered in a civil context unless the federal injunction requested would create an " *undue* interference with state proceedings." *NOPSI,* 491 U.S. at 359, 109 S.Ct. 2506 (emphasis added). The *Younger* doctrine, like the *Rooker-Feldman* doctrine, is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89, 79  S.Ct. 1060, 3 L.Ed.2d 1163 (1959)). Accordingly, a district court should not lightly shirk its "virtually unflagging obligation to exercise the jurisdiction given [to it]." *Id.* at 818, 96 S.Ct. 1236. In addition, the Supreme Court has instructed that *Younger* only applies where the state proceeding at issue involves "orders that are uniquely in furtherance of the state courts' ability to perform their *judicial* functions ... it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." *NOPSI,* 491 U.S. at 368, 109 S.Ct. 2506 (emphasis added); *Wexler v. Lepore*, 385 F.3d 1336, 1338-39 (11th Cir.2004) (holding that a pending state civil action does not require the federal court to abstain "unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-like functions").Id.

14. The Supreme Court's most recent decision under *Younger* illustrates that the abstention doctrine is not triggered unless the federal injunction would create an "undue interference with state proceedings." *NOPSI,* 109 S.Ct. at 2513 (citing *Younger,* 91 S.Ct. at 751). In addition, the state proceedings at issue must involve "certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions ... it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." *Id.* at 2518.

15. As currently understood, *Younger* abstention will apply if (1) state proceedings are pending, (2) " important state interests" are implicated, and (3) the plaintiff has an adequate opportunity to litigate his federal claims in the state proceedings. *E.g. H.C. ex rel Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). While it was first applied to

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --

criminal cases, the Supreme Court <u>extend</u>ed the application of the *Younger* doctrine to include <u>civil</u> <u>nuisance</u> actions in <u>*Huffman v. Pursue, Ltd.*</u>, 420 U.S. 592 (1975). The Court in *Huffman* extended the doctrine to include state "quasi-criminal" proceedings, which are "both in <u>aid</u> of and closely related to criminal statutes." The Court later further extended the doctrine to apply to purely civil proceedings in which the State was a party. Under the Court's holding in <u>*Trainor v. Hernandez*</u>, 431 U.S. 434 (1977), "the principles of *Younger* and *Huffman* are broad enough to apply to interference by a federal court with an ongoing civil enforcement action such as this, brought by the State in its sovereign capacity." The flipside of *Hernandez* is that federal courts do not have to abstain if the state is not acting in a sovereign capacity seeking to enforce a state program, unless there is a substantial state interest at stake.

16. The state is not a party to foreclosure proceedings and the state judges as defendants in this action are not acting as an agent of the state in its sovereign capacity. The wrongful conduct of defendants is not in furtherance of a state purpose or a sovereign function. There is no State interest or policy in encouraging dereliction of judicial duty or denial of due process to the citizens of Florida. The plaintiffs do not seek to interfere with foreclosure or accelerated foreclosure so long as it complies with due process of law. For the reason stated above, plaintiffs are unable to make this argument in state court. If the relief sought by plaintiffs were granted, the 12th Circuit could expedite summary judgment of foreclosure properly, without interference with due process rights of debtors. This lawsuit was filed to require the 12th Circuit to properly exercise its judicial function in foreclosure but not to otherwise interfere with the exercise of the function.

17. Plaintiffs find no federal authority supporting the proposition that federal claims that might be supported by the same alleged facts must be raised by state plaintiffs in cases arising under state law in state courts. <u>Wexler v. Lepore</u>, 385 F.3d 1336, (11th Cir.,2004).

18. Defendants fail to cite any authority for their assertion that the Younger Doctrine can be extended to a case where state judges violate due process rights of defendants because such judges do not discharge their judicial duties.

19. Defendants allege plaintiffs seek relief in the nature of a mandamus. Defendants have not requested a writ of mandamus. Accordingly it is irrelevant whether or not this court has jurisdiction to grant relief which plaintiffs have not sought.

20. Defendants claim that Plaintiffs cannot assert a claim on behalf of other persons who do not contest foreclosure. Plaintiffs have not sought to do so. However there are many homeowners similarly situated who are on the "rocket docket". Plaintiffs would be happy to amend the complaint to add as many more plaintiffs to this lawsuit as the defendants deem necessary to allow this case to proceed to judgment.

21.  Defendants allege that plaintiffs will not be able to demonstrate entitlement to injunctive relief. Since plaintiffs have not been allowed to present their case, if this court grants the motion to dismiss, defendants will be proven right. On the other hand, if the motion is denied, plaintiffs believe they can prove their case. To be deprived of one's property without due process of law is an irreparable injury.

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --

**Conclusion**

22. Assume for purposes of argument that the 12th Circuit appointed a baboon with a signature stamp to preside over uncontested cases and sign summary judgment orders. A baboon armed with a signature stamp does not meet the qualifications prescribed for a circuit court justice, arguably. Could this United States District Court protect defendants who have not contested foreclosure from such a violation of due process?  If the answer is "yes", how do the facts of the case as pled differ (when all the allegations of plaintiffs regarding the conduct and practices of the 12th Circuit as the opponent of a motion to dismiss must be accepted by this court as true)? If the answer is "no", shame!

*For these reasons, PLAINTIFFS RESECTFULLY MOVE THIS COURT TO deny the motion to dismiss, set a date for the preliminary hearing and subsequently plaintiffs grant their motion enjoining the Defendants from continuing foreclosure proceedings in uncontested cases using deficient and defective documents until the 12th Circuit Court has acted to correct the problem.*

Date: June 2, 2009

/s/ Richard F. Kessler

Richard F. Kessler,
Counsel for Plaintiff by Special Appearance and for the Limited Purpose of these Proceedings
4902 Sabal Lake Circle
Sarasota FL 34238
941-924-5608
richardfkessler@verizon.net

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --