United States District Court, M.D. Florida.

GREGORY R. DIXON AND MARIA GOLDBERG,

Plaintiffs,
v.
THE HONORABLE LEE E. HAWORTH, CHIEF CIRCUIT COURT JUDGE FOR THE TWELFTH CIRCUIT OF FLORIDA, THE HONORABLE HARRY M. RAPKIN, CIRCUIT COURT JUDGE FOR THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA AND THE HONORABLE PAUL LOGAN, CIRCUIT COURT JUDGE FOR THE TWELFTH JUDICIAL CIRCUIT OF FLORIDA,

Defendants.

Case No. 8:09-cv-1017-T-30EAJ

_____/

## Reply to Order to Show Cause

1. On November 17, 2009, this Court issued a Show Cause Order to respondent why respondent should not be discharged for failure to comply with Order of June 5, 2009 granting respondent's motion to appear pro hac vice. The June 5, 2009 Order contained a requirement that respondent immediately apply for admission to the Mid District Bar. Attorneys specially admitted to practice in the Middle District of Florida under the conditions prescribed in Rule 2.02 of the Local Rules of the United States District Court for the Middle District of Florida, or Rule 2.090-1(c)(1) of the Local Bankruptcy Rules for the Middle District of Florida, are required to pay to the Clerk a fee of $10.00 per case. The special admission fee is due with this attorney certification. Payment should be in U.S. currency and checks must be drawn on a U.S. bank. Please make checks payable to ＡClerk, U.S. District Court.

2. Respondent did not understand the requirement and incorrectly assumed the admission would be made sua sponte by the Association once the Order to appear pro hac vice had

-- Converted from Word to PDF for free by Fast PDF -- www.fastpdf.com --

been granted. Respondent managed to overlook the specific language directing respondent to initiate proceedings which meant file an application and post the $10.00 fee.

3. Respondent offers this Court his abject and sincere apology. It is a privilege to become a member of the Court's Association which was graciously accorded to Respondent. Respondent can only point out that the slight to this Court was unintended and Respondent profoundly regrets any inference of disrespect or recalcitrance, neither of which was intended.

4. On this date, respondent submitted an application together with fee to the Clerk of the Court, nunc pro tunc.

*For these reasons, RESPONDENT RESECTFULLY MOVE THIS COURT TO*

*not order Respondent to be discharged from this case.*

Date: November 12, 2009

/s/ Richard F. Kessler

Richard F. Kessler,

Counsel for Plaintiff by Special Appearance and for the Limited Purpose of these Proceedings

4902 Sabal Lake Circle

Sarasota FL 34238

941-924-5608

richardfkessler@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been electronically forwarded to Sabrina E. Redd, Assistant Attorney General as counsel for the Defendants through ECM this 13th day of November 2009.

/s/ Richard F. Kessler

Richard F. Kessler, Special Counsel for

Plaintiffs

4902 Sabal Lake Circle

Sarasota FL 34238

941-924-5608

richardfkessler@verizon.net