## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GREGORY DIXON, et al.,**

    **Plaintiffs,**

v.                                                          **Case No. 8:09-cv-1017-T-30EAJ**

**LEE HAWORTH, Chief Circuit Court**
**Judge for the 12th Circuit of Florida, et al.,**

    **Defendants.**
_____/

### ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 12), and Plaintiffs' response to the motion (Dkt. 13). The Court, having considered the motion and response, the Court concludes that the motion should be granted.

Plaintiffs bring this action under 42 U.S.C. §1983, seeking to enjoin three judges from the 12th Circuit Court of Florida from hearing uncontested foreclosure cases "using deficient and defective documents until the 12th Circuit Court has acted to correct the problem." (Dkt. 1, p. 4). Plaintiffs are requesting this Court intervene in state court proceedings. The Younger Abstention Doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with a state court proceeding." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (U.S. 1989). In deciding whether abstention is appropriate, the Court must consider whether (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state

proceeding. Newsome v. Broward County Pub. Defenders, 304 Fed. Appx. 814, 816 (11th Cir. 2008) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, Plaintiffs allege that their residential property is pending foreclosure in the 12th Circuit Court of Florida. The state of Florida has an important interest in managing the foreclosure crisis in the state. Plaintiffs' argue that they are unable to defend themselves in their foreclosure actions, including raising their constitutional claims, due to an "inability to function rationally in the face of foreclosure." (Dkt. 1, p. 2). However, the opportunity to challenge the foreclosure actions is not barred by the state court system. Plaintiffs have the opportunity to raise their constitutional and evidentiary claims in the foreclosure actions, and appeal any rulings deemed improper. Though participating in the state court proceedings may be personally difficult for them, the opportunity is available.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 12) is **GRANTED**.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 4, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1017.mtd 12.frm